**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RONALD JORDAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES COFFMAN, et al., )<br>)<br>Defendants. ) | No. 4:21-CV-1456-JCH |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint filed by plaintiff Ronald Jordan. As explained below, the Court will partially dismiss the amended complaint, and direct the Clerk to effect service of process upon defendants Robert Savage and Paul Blair.

**Background**

Plaintiff is a Missouri State prisoner who is proceeding herein *pro se* and *in forma pauperis*. He initiated this action on December 13, 2021 by filing a complaint to assert claims related to his confinement at the Potosi Correctional Center ("PCC"). Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against James H. Coffman, Steve Martin, Anne L. Precythe, Robert Savage, Paul Blair, and Jason Lewis. Plaintiff identified all of the defendants as Missouri Department of Corrections ("MDOC") employees, and sued them in their individual capacities.

As fully explained in this Court's April 20, 2022 Memorandum and Order (ECF No. 9), plaintiff's allegations stated a plausible retaliation claim against Savage. As also fully explained in that Memorandum and Order, plaintiff's remaining allegations against Savage, and all of his allegations against Coffman, Martin, Precythe, Blair, and Lewis, were subject to dismissal

pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court directed the Clerk to effect service of process upon Savage as to plaintiff's retaliation claim, dismissed plaintiff's remaining claims against Savage, and dismissed defendants Coffman, Martin, Precythe, Blair, and Lewis from this action. The Court also denied plaintiff's motion to appoint counsel. To avoid redundancy, the Court here incorporates by reference the April 20, 2022 Memorandum and Order in its entirety.

On May 4, 2020, plaintiff filed a notice of appeal with the United States Court of Appeals for the Eighth Circuit. On May 27, 2022, the Court of Appeals summarily affirmed this Court's judgment to the extent plaintiff challenged the denial of appointed counsel, and wrote: "In all other respects, this appeal is dismissed for lack of jurisdiction because it is premature." *Jordan v. Coffman, et al.,* No. 22-1939 (8th Cir. May 27, 2022). Plaintiff filed a petition for rehearing, which was denied on July 12, 2022. On July 19, 2022, the Court of Appeals issued its mandate.

Savage's response to the complaint was due on June 24, 2022. On June 6, 2022, plaintiff filed the instant amended complaint, along with correspondence in which he avers that the amended complaint "mirrors my original Complaint, except that I have added one additional claim against defendant Paul Blair." (ECF No. 23-1). The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) according to the standard set forth in this Court's April 20, 2022 Memorandum and Order incorporated herein.

## Discussion

As plaintiff indicates, the amended complaint mirrors the original complaint, with the exception of the new claim against Blair and additional language concerning the relief sought on that claim. The Court first addresses the new claim asserted against Blair in the amended complaint.

Plaintiff claims Blair transferred him to the ERDCC on February 28, 2022 in retaliation for using the prison's grievance procedure and for filing this lawsuit. Shortly before his transfer, plaintiff asked unidentified persons why he was being transferred, "but no one seemed to know." (ECF No. 23 at 19). Plaintiff describes his transfer as an "adverse occurrence," and alleges it "was, at least in part, impermissible retaliation for plaintiff's use of the grievance process, and filing the lawsuit." *Id.* He writes: "The motivating factor for defendant Blair's decision to have plaintiff transferred, was to retaliate against plaintiff's constitutionally-protected acts," and that "[a]bsent that motivating factor, plaintiff would not have been transferred." *Id.* at 20.

> Although "a prisoner enjoys no constitutional right to remain in a particular institution," *Murphy v. Missouri Dep't of Correction*, 769 F.2d 502, 503 (8th Cir. 1985), and although generally prison officials "may transfer a prisoner 'for whatever reason or for no reason at all,'" *Olim v. Wakinekona,* 461 U.S. 238, 250, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983) (quoting *Meachum v. Fano*, 427 U.S. 215, 228, 96 S. Ct. 2532, 2540, 49 L.Ed.2d 451 (1976)), a prisoner cannot be transferred in retaliation for the exercise of a constitutional right.

*Goff v. Burton*, 7 F.3d 734, 737 (8th Cir. 1993) (additional citations omitted). The filing of a prison grievance, and the filing of a lawsuit, is "protected First Amendment activity." *Haynes v. Stephenson*, 588 F.3d 1152, 1155-56 (8th Cir. 2009) (quoting *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007)). "[P]rison officials do not have the discretion to punish an inmate for exercising his first amendment rights by transferring him to a different institution." *Murphy*, 769 F.2d 502, 503 (citing *Garland v. Polley*, 594 F.2d 1220, 1222-23 (8th Cir. 1979)).

Arguably, plaintiff's allegations appear conclusory and limited to the ultimate fact of retaliation. However, such ultimate fact concerns Blair's state of mind, and the amended complaint describes events that can be interpreted as supporting an inference of retaliation. It therefore cannot be said, at this stage of this litigation, that plaintiff's allegations are insufficient. The Court will therefore direct the Clerk to issue process upon the amended complaint as to Blair

as to plaintiff's retaliation claim.  Additionally, for the same reasons set forth in this Court's April 20, 2022 Memorandum and Order incorporated herein, the Court will direct the Clerk to issue process upon the amended complaint as to Savage as to plaintiff's retaliation claim.

For the reasons set forth in this Court's April 20, 2022 Memorandum and Order incorporated herein, the Court will dismiss Coffman, Martin, Precythe, and Lewis from this action, and will decline to exercise supplemental jurisdiction over any state law claims plaintiff can be understood to bring against them.  For the reasons set forth in this Court's April 20, 2022 Memorandum and Order incorporated herein, the Court will dismiss plaintiff's claims against Savage that are based upon conspiracy, upon any failure to file, process, and/or address grievances, or any failure to follow any prison policy, regulation, or procedure.  For the reasons set forth in this Court's April 20, 2022 Memorandum and Order incorporated herein, the Court will dismiss plaintiff's claims against Blair that attempt to hold him liable for Savage's January 7, 2020 threat, and that are based upon failure to file, process, and/or address grievances, denial of relief requested in the prison grievance procedure, any failure to follow any prison policy, regulation or procedure, and failure to train or supervise Savage.

Accordingly,

**IT IS HEREBY ORDERED** that defendants James H. Coffman, Steve Martin, Anne L. Precythe, and Jason Lewis are **DISMISSED** from this action.  A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's claims against Robert Savage that are based upon conspiracy, upon any failure to file, process, and/or address grievances, or any failure to follow any prison policy, regulation or procedure are **DISMISSED**. A separate order of partial dismissal will be entered herewith.

4

**IT IS FURTHER ORDERED** that plaintiff's claims against Blair that attempt to hold him liable for Savage's January 7, 2020 threat, and that are based upon failure to file, process, and/or address grievances, denial of relief requested in the prison grievance procedure, any failure to follow any prison policy, regulation, or procedure, and failure to train or supervise Savage are **DISMISSED**. A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to Robert Savage in his individual capacity as to plaintiff's retaliation claim.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to Paul Blair in his individual capacity as to plaintiff's retaliation claim.

Dated this 29th day of July, 2022.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE