# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

RONALD JORDAN,          )
                               )
          Plaintiff,     )
                               )
       v.               )          No. 4:21-CV-1456-JCH
                               )
JAMES H. COFFMAN, et al.,    )
                               )
          Defendants.   )

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Ronald Jordan's Motion to Stop Collection of Payments.  (ECF No. 43).  In the motion, plaintiff asks this Court to "stop the collection of payments as it relates to appeal No. 22-1939. . .".  *Id.* at 2.  The motion will be denied.

In the referenced appeal, the Court of Appeals summarily affirmed this Court's judgment in part and dismissed the appeal for lack of jurisdiction in all other respects, assessed the full $505 appellate and docketing fees against plaintiff, and remanded the collection of those fees to this Court.  After the Court of Appeals issued its mandate, this Court entered an order directing plaintiff's institution to begin debiting his account to pay the appellate fees, in accordance with the judgment entered by the Court of Appeals.

In the instant motion, plaintiff notes that the Court of Appeals did not allow him to proceed *in forma pauperis* in the referenced appeal and he therefore never paid an initial partial filing fee, and is not liable for payment of the full appellate filing and docketing fees.  Plaintiff writes: "Because there was no authorization for plaintiff to proceed *in forma pauperis*, there is nothing under the Prison Litigation Reform Act that disallows this Court to stop the collection of the filing fee at issue." *Id.*

Plaintiff's arguments are not well taken.  The fact the Court of Appeals did not allow him to proceed *in forma pauperis* and he did not pay an initial partial filing fee does not excuse him from paying the full appellate filing fees in installments.  The Eighth Circuit has held that the Prison Litigation Reform Act of 1996 "makes prisoners responsible for their filing fees the moment the prisoner . . . files an appeal."  *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (quoting *In re Tyler,* 110 F.3d 528, 529-30 (8th Cir. 1997)).  When a prisoner seeks to proceed in the Court of Appeals under the provisions of § 1915, "the filing of such a motion with [the Court of Appeals] triggers the prisoner-appellant's responsibility to pay the full amount of the appellate filing fees pursuant to the installment payment provisions of § 1915(b) . . . unless the appellant must pay the full amount up front in cash because he has acquired the requisite 'three strikes' under § 1915(g)."  *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Stop Collection of Payments (ECF No. 43) is **DENIED**.

Dated this 19th day of October, 2022.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

2