# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RONALD JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1456-MTS |
| | ) | |
| JAMES H. COFFMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon a motion to dismiss filed by defendants Robert Savage and Paul Blair (collectively "Defendants"). Doc. [44]. Plaintiff has responded to the motion and Defendants have replied, and the matter is now ripe for disposition. For the reasons explained below, the Court denies the motion.

### Background

Plaintiff is a Missouri State prisoner who is proceeding *pro se* and *in forma pauperis*. Defendants are Missouri Department of Corrections ("MDOC") employees who are sued in their individual capacities. Plaintiff was incarcerated at the Potosi Correctional Center ("PCC") when he filed this lawsuit, and was subsequently transferred to the Eastern Reception, Diagnostic and Correctional Center ("ERDCC").

In the amended complaint, plaintiff claims defendants threatened to transfer him, and then actually transferred him, in retaliation for his use of the prison grievance process and for filing this lawsuit.[1]  In the instant motion, defendants seek dismissal of this action for failure to exhaust administrative remedies, and they seek dismissal of plaintiff's claim against Blair for

---

[1] As set forth in the court orders dated July 29, 2022 (Docs. [27] and [28], some of Plaintiff's claims against Defendants and others were dismissed.

failure to state a claim upon which relief may be granted.  The following is relevant to the instant motion.

"The MDOC Manual expressly prohibit[s] reprisal against an inmate for using the grievance procedure and set[s] forth detailed special grievance procedures for an inmate who 'believes that a reprisal has occurred.'"  *Hammett v. Cofield*, 681 F.3d 945, 948 (8th Cir. 2012).  Defendants describe that special grievance procedure as follows:

> Where an inmate believes they have been retaliated against, Missouri Department of Corrections policy provides for a "reprisal" grievance that allows them to attempt to bypass the initial informal resolution request (IRR) and grievance stages of exhaustion and use a grievance appeal form to submit their claim.  If the division director determines that the complaint is not a reprisal, they are to return it to the institution's grievance officer, who will then instruct the inmate to grieve their claim through the standard process by submitting an IRR.  *See Santiago v. Blair,* 2010 WL 2761897, at *3 (E.D. Mo. July 13, 2020).

Doc. [44] at 3-4 (quotation marks and citation in original).  Plaintiff quotes the appliable MDOC procedure as follows:

> D.2.   If an offender believes that a reprisal has occurred, the offender may obtain an offender grievance appeal form from the grievance officer or designee or unit case management staff member and shall state the alleged reprisal and bypass filing an IRR and grievance . . . and
>
> D.5.   If the division director or designee determines that the complaint is not a reprisal, the original offender grievance appeal form will be sent back to the grievance officer or designee at the institution from which the complaint was initiated . . .; and lastly,
>
> SOP:   The offender should request an IRR from the housing unit case manager.

Doc. [61] at 1.

The MDOC also has an ordinary grievance procedure that requires completion of three steps.  Defendants cite the *Hammett* Court's recitation of that process as requiring the filing of an IRR, grievance, and grievance appeal, with the grievance process being fully exhausted when the inmate receives a grievance appeal response.  *Id.* at 4-5 (citing *Hammett,* 681 F.3d at 947).

2

In February 2021 and April 2022, plaintiff filed "reprisal grievances" against Savage and Blair, respectively, in accordance with the MDOC's special grievance procedure applicable to claims involving retaliation. With the instant motion, defendants provide copies of those documents, along with the responses plaintiff received.[2] On March 4, 2021, Deputy Division Director Jason Lewis responded to plaintiff's February 2021 reprisal grievance by writing:

> I am in receipt of your grievance appeal received on February 25, 2021, which you requested to be filed as a reprisal grievance appeal in accordance with Missouri Department of Corrections policy, D5-3.2-Offender Grievance . . .
>
> Be advised, evidence of reprisal for your participation in the grievance process has not been found. I am returning your "reprisal appeal" to the PCC grievance officer so you may follow the normal grievance process in filing this complaint.

Doc. [44], Exh. K). On April 22, 2022, Deputy Division Director Richard Adams responded to plaintiff's April 2022 reprisal grievance by writing:

> I am in receipt of your grievance appeal received on April 22, 2022, which you requested to be filed as a reprisal grievance appeal in accordance with Missouri Department of Corrections policy, D5-3.2-Offender Grievance . . .
>
> Be advised evidence of reprisal for your participation in the grievance process was not provided. I am returning your "reprisal appeal" to the ERDCC grievance officer so you may follow the normal grievance process in filing this complaint.

Doc. [44], Exh. V. Plaintiff did not present the claims in an IRR after he received the grievance appeal responses.

## Standard of Review

Defendants move for dismissal pursuant to Rule 12(b)(6). The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. When considering such a motion, the court assumes the veracity of the complaint's factual allegations and construes them in the plaintiff's favor. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

---

[2] Plaintiff also provided those documents with his amended complaint, and they are now maintained in paper format in the Court Clerk's Office.

To survive dismissal, the complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of his claim. *Neitzke*, 490 U.S. at 327.

## Discussion

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1996 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any jail, prison, or other such correctional facility until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). An inmate must properly exhaust his claims by presenting them in accordance with the institution's applicable procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 93-103 (2006). While exhaustion is a mandatory prerequisite to bringing a federal suit, *Porter v. Nussle*, 534 U.S. 516, 524 (2002), it is an affirmative defense that the defendant has the burden to plead and prove. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005).

In this case, defendants cite *Hammett v. Cofield* and *Human v. Hurley*, 2018 WL 1519376, at *4 (E.D. Mo. Mar. 28, 2018) and argue that because plaintiff did not submit his retaliation claims in accordance with the ordinary grievance procedure after receiving the grievance appeal responses, he failed to exhaust administrative remedies. They also state they were denied the benefits of the grievance process. Citing *Santiago v. Blair*, plaintiff argues he exhausted his claims by submitting them in accordance with the institution's applicable procedural rules and received grievance appeal responses from Deputy Division Directors Lewis and Adams denying them on the basis there was no evidence of reprisal. Plaintiff argues it

4

would have been futile for him to resubmit the same claims in IRRs, and that to file IRRs, he would have had to abandon his allegations that he suffered retaliation. Defendants contend that *Santiago v. Blair* is not binding precedent, and was invalidated by *Hammett v. Cofield, Human v. Hurley,* and *Ross v. Blake,* 578 U.S. 632, 648 (2016).

Plaintiff's arguments are well taken. In *Santiago v. Blair,* the inmate filed a 42 U.S.C. § 1983 action to claim he was subjected to retaliation. 2010 WL 2761897, at *1. In prison, the inmate filed reprisal grievances regarding the claims at issue, and prison officials responded by determining there was no evidence of reprisal. The officials informed the inmate that if he wished to pursue his complaint, he would be required to use the ordinary grievance procedure. The inmate did not do so, and in district court, the defendants argued he had therefore failed to exhaust administrative remedies. In response, the inmate argued he had exhausted administrative remedies because his claims involved reprisal, and he submitted them in accordance with the institution's procedural rules applicable to such claims.

In rejecting the defendants' argument, the district court wrote:

> Defendants argue that Plaintiff must resubmit the complaint as a reprisal through the regular procedure. This argument is without logic. If the director has determined that the complaint is not a reprisal, the requirement that it be resubmitted as a reprisal would be futile. Rather, it appears that the offender is instructed that he/she may resubmit his/her complaint as something other than a reprisal. Indeed, it is apparent from the Grievance procedure that complaints claiming to be reprisals are afforded a less stringent procedure, i.e., bypassing the first two steps in order to have the director address the complaints[.]

*Id.* at *3. The Court concluded that the inmate sought to challenge the adverse decision that his complaint did not establish reprisal, rather than restructure it to allege something other than reprisal to pursue it using the ordinary grievance procedure. *Id.*

As defendants correctly note, the *Santiago v. Blair* decision is not binding upon this Court. However, it involved the same situation as the instant case, the district court's decision

5

was well reasoned and clearly explained, and it was not invalidated by the case law cited by defendants.  *Human v. Hurley* is also a district court case that is not binding upon this Court, and unlike *Santiago,* the reasoning behind the decision concerning exhaustion is unclear.  *Hammett v. Cofield* did not address a situation in which an inmate asserting a retaliation claim had filed the claim in prison.  In *Hammett*, an inmate brought an action pursuant to 42 U.S.C. § 1983 to assert claims of deficient medical care, retaliation, and harassment.  In prison, the inmate filed several IRRs to complain of deficient medical care, but unlike plaintiff and the inmate in *Santiago v. Blair*, he did not submit complaints involving retaliation or harassment.  In district court, he admitted those claims were unexhausted.  The district court determined the inmate failed to exhaust administrative remedies and dismissed the case, and the inmate appealed.

      The Court of Appeals partially reversed after determining that some of the inmate's medical claims were in fact exhausted.  Regarding the inmate's retaliation and harassment claims, the Court of Appeals determined they were properly dismissed as unexhausted because "[t]he MDOC Manual . . . set forth detailed special grievance procedures for an inmate who 'believes that a reprisal has occurred'" and the inmate "did not exhaust these procedures." *Hammett*, 681 F.3d at 948.  That decision does not invalidate *Santiago v. Blair*, nor does it support the argument that retaliation claims are unexhausted if an inmate fails to resubmit them via the ordinary grievance procedure after using the special grievance procedure and receiving a denial.  Unlike the inmate in *Hammett v. Cofield* who did not grieve his retaliation claims in prison*,* plaintiff and the inmate in *Santiago v. Blair* did so using the "detailed special grievance procedures for an inmate who believes that a reprisal has occurred." *Id.*

      To exhaust administrative remedies, inmates must present their claims in accordance with the institution's applicable procedural rules.  *Woodford*, 548 U.S. at 93-103.  Plaintiff has

6

sufficiently alleged he did so by submitting his retaliation claims in accordance with the institution's applicable procedural rules and receiving "grievance appeal" responses from Directors Lewis and Adams denying his claims on the basis there was no evidence of reprisal. After receiving those decisions, it would have been futile to resubmit the same claims in IRRs, and in fact, it seems that doing so would violate the institution's procedural rules applicable to claims involving retaliation.  Instead, it appears that plaintiff was informed he could use IRRs to resubmit his complaint as something other than a reprisal.  However, to do so would be to raise different claims than those raised in the amended complaint.  Finally, the responses plaintiff received from Directors Lewis and Adams specified they were sent in response to plaintiff's grievance appeals, and according to MDOC policy, the grievance process is fully exhausted once an inmate receives a grievance appeal response.  *See* Doc. 44 at 4-5 (citing *Hammett,* 681 F.3d at 947).

The Court is not, as defendants may suggest, impermissibly excusing a failure to exhaust based upon "special" circumstances as described in *Ross v. Blake.*  Instead, the Court concludes that plaintiff has established that he presented his claims in accordance with the institution's applicable procedural rules and received a decision, and defendants' motion fails to demonstrate entitlement to dismissal based upon a failure to exhaust administrative remedies.  Finally, there is no merit to the statement that Savage and Blair were denied the benefits of the grievance process. Again, plaintiff has established that he presented his claims in accordance with the institution's applicable procedural rules.

    **B.**    **Defendant Blair**

Defendants seek dismissal of plaintiff's claim against Blair on the basis that his allegations are conclusory and fail to demonstrate Blair's retaliatory motive.  Plaintiff opposes

7

the motion. Defendants' arguments are not well taken. At this stage of this litigation, the Court is required to evaluate not whether plaintiff will prevail, but whether he is entitled to present evidence in support of his claim. It cannot be said that the amended complaint contains mere labels and conclusions, or a formulaic recitation of the elements of a cause of action. As the Court previously determined, the amended complaint contains sufficient facts which, taken as true, raise an inference of retaliation. The Court must therefore allow plaintiff's claim to proceed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Dismissal Motion with Supporting Memorandum, Doc. [44], is **DENIED**.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the date of this Memorandum and Order, defendants shall answer the amended complaint.

Dated this 27th day of 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE