**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1456-MTS |
| | ) | |
| JAMES H. COFFMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on a motion filed by defendants Robert Savage and Paul Blair (also "Defendants").  In the motion, Defendants ask this Court to certify its January 27, 2023, order for interlocutory appeal, or in the alternative, grant them additional time to answer the amended complaint.  Plaintiff opposes the motion to the extent Defendants seek certification for an interlocutory appeal, and states he has no objection to Defendants' request for additional time to answer the amended complaint.  Defendants have replied to Plaintiff's response, and the motion is now ripe for disposition.  As explained below, the Court denies the motion, to the extent Defendants seek certification for interlocutory appeal, and grants the motion to the extent Defendants seek additional time to answer the amended complaint.

**Background**

Although the parties are familiar with the factual and procedural background of this case, the Court provides the following brief recitation of the background relevant to the instant motion. In the amended complaint, Plaintiff claims Defendants threatened to transfer him, and actually transferred him, in retaliation for filing grievances in prison and for filing this lawsuit.  He alleged he grieved the claims in prison in accordance with his institution's procedural rules applicable to

claims involving retaliation, which, as explained below, the parties termed the "reprisal" grievance procedures.  Plaintiff alleged that prison officials submitted written responses denying his claims on the basis that there was no evidence of reprisal (in other words, denying them on their merits), and stating that they were being returned to the institution's grievance officer so that Plaintiff may follow the normal grievance process.  Plaintiff subsequently brought the claims in this lawsuit.

Defendants moved for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  They argued, *inter alia*, that this action should be dismissed in its entirety because Plaintiff failed to exhaust administrative remedies.  In "Defendants' Dismissal Motion with Supporting Memorandum," Defendants defined both the reprisal grievance procedures and the "standard" grievance procedures.  Doc. [44] at 3-5.  Defendants defined the reprisal grievance procedures as follows:

> Where an inmate believes they have been retaliated against, Missouri Department of Corrections policy provides for a "reprisal" grievance that allows them to attempt to bypass the initial informal resolution request (IRR) and grievance stages of exhaustion and use a grievance appeal form to submit their claim. If the division director determines that the complaint is not a reprisal, they are to return it to the institution's grievance officer, who will then instruct the inmate to grieve their claim through the standard process by submitting an IRR. *See Santiago v. Blair*, 2010 WL 2761897, at *3 (E.D. Mo. July 13, 2010).

*Id.* at 3-4.  Citing *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012), Defendants defined the standard grievance procedure as requiring inmates to "file IRR, grievance, and grievance appeal, with claim being exhausted after receiving grievance appeal response."  *Id.* at 4-5.

Defendants argued that Plaintiff failed to exhaust administrative remedies because he failed to resubmit his claims in IRRs after his reprisal grievances were denied.  Defendants relied upon, *inter alia*, the *Hammett* Court's decision to uphold the dismissal of an inmate's retaliation and harassment claims "where manual set forth detailed special grievance procedures for such claims and inmate failed to exhaust these procedures."  *Id.* at 5.

Plaintiff quoted the applicable MDOC procedural rules as follows:

> D.2. If an offender believes that a reprisal has occurred, the offender may obtain an offender grievance appeal form from the grievance officer or designee or unit case management staff member and shall state the alleged reprisal and bypass filing an IRR and grievance . . . and
>
> D.5. If the division director or designee determines that the complaint is not a reprisal, the original offender grievance appeal form will be sent back to the grievance officer or designee at the institution from which the complaint was initiated . . .; and lastly,
>
> SOP: The offender should request an IRR from the housing unit case manager.

Doc. [61] at 1.  Plaintiff also cited the *Hammett* Court's decision noting that the MDOC manual provided for special grievance procedures for inmates who believed that a reprisal had occurred. He argued that he "exhausted that administrative remedy for that particular or 'special' circumstance, to which the ultimate decision-maker on the complaint determined was not a reprisal."  *Id.* at 2.  Plaintiff argued that he believed he had been subjected to retaliation and could not legally be compelled to abandon that belief by resubmitting his complaint as something other than a reprisal.

In its January 27, 2023, Memorandum and Order (also "Order"), the Court denied Defendants' motion.  The Court acknowledged precedent requiring it to presume the veracity of Plaintiff's factual allegations and construe them in his favor.  The Court also acknowledged precedent governing exhaustion of remedies.  The Court wrote:

> The Prison Litigation Reform Act of 1996 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any jail, prison, or other such correctional facility until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). An inmate must properly exhaust his claims by presenting them in accordance with the institution's applicable procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 93-103 (2006). While exhaustion is a mandatory prerequisite to bringing a federal suit, *Porter v. Nussle*, 534 U.S. 516, 524 (2002), it is an affirmative defense that the defendant has the burden to plead and prove. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005).

Doc. [62] at 4.

The Court acknowledged the parties' assertions concerning the standard grievance procedures and the reprisal grievance procedures, and their consistent statements that the latter permitted inmates to bypass the IRR and grievance stages of exhaustion. The Court concluded that Plaintiff had sufficiently alleged that he exhausted his claims by presenting them in accordance with his institution's applicable procedural rules. In rejecting Defendants' argument that this action should be dismissed pursuant to Rule 12(b)(6) on the basis that Plaintiff failed to exhaust administrative remedies, the Court wrote: ". . . the Court concludes that plaintiff has established that he presented his claims in accordance with the institution's applicable procedural rules and received a decision, and defendants' motion fails to demonstrate entitlement to dismissal based upon a failure to exhaust administrative remedies." *Id.* at 7.

In reaching its decision, the Court found helpful the thorough and logical reasoning in *Santiago v. Blair*, 2010 WL 2761897 (E.D. Mo. Jul. 13, 2010). In *Santiago*, as in the case at bar, the inmate used the institution's reprisal grievance procedures, prison officials denied his claims on the merits, and the inmate filed suit in federal court. The defense sought dismissal for failure to exhaust administrative remedies, contending that to fully exhaust, the inmate had to resubmit his complaint through the standard procedure by filing an IRR. The District Court rejected that argument as illogical, noting that if prison officials determined there was no evidence of reprisal, it would be futile to resubmit the same reprisal claim in an IRR. The District Court further observed that it appeared that the inmate was instead instructed that he could resubmit his claim in an IRR as something other than reprisal, as Plaintiff contended. This Court rejected Defendants' assertions that *Santiago* was invalidated by *Ross v. Blake*, 578 U.S. 632 (2016), *Hammett*, 681 F.3d 945, and *Human v. Hurley*, 2018 WL 1519376 (E.D. Mo. Mar. 28, 2018).

4

In the instant motion, Defendants ask the Court to certify the Order for interlocutory appeal. As in their motion to dismiss and related filings, they describe the MDOC's grievance policy as providing for a standard (or normal) grievance process, and a reprisal grievance process. Defendants write:

> MDOC grievance procedure generally requires an inmate to file an IRR, a grievance, and a grievance appeal, fully exhausting the process only when the inmate receives a grievance-appeal response.  If an inmate believes he suffered a reprisal, he has the option to grieve his complaint through the normal process or the optional, alternative, reprisal process.

Doc. [63] at 3.  Defendants contend Plaintiff failed to exhaust administrative remedies because he failed to resubmit his complaints in IRRs after his reprisal grievances were denied on the merits. Defendants write: "Resubmitting the complaint as an IRR similarly is not the start of a second, separate grievance process, but the second step in exhausting the original complaint." *Id.* at 4.

Defendants also contend that the Court's Order and the *Santiago* decision are the only decisions concluding that the "four-step process outlined by the MDOC policy is futile, such that an inmate has exhausted her claim after the first step."  *Id.* at 6-7.  They contend that certification is necessary because the Order "presents a controlling question as to whether the alternative process to grieve a reprisal complaint was available, such that the PLRA required Plaintiff to exhaust all four written steps before he could bring his claims." *Id.* at 1. They also contend that the Order conflicts with *Hammett* and *Human.*

In response, Plaintiff contends he properly exhausted the claims before this Court because he grieved them in accordance with the special reprisal grievance procedures, and those procedures were completed when he received decisions denying his claims.  Plaintiff asserts that the special reprisal grievance procedures expressly allowed him to "bypass filing an IRR and grievance." Doc. [64] at 1.  Plaintiff contends that Defendants have acknowledged that "the MDOC grievance

procedure gives prisoners 'the option' to grieve their complaints through the normal process or the 'optional, alternative, reprisal process.'" *Id.* at 1-2 (citing Doc. [61] at 3).  Plaintiff contends that resubmitting his denied complaint as an IRR would be to restart a second, separate grievance process, and that Defendants' assertions to the contrary are misleading and meritless.  He writes: "There [is] no four-step reprisal grievance process, and the defendants cannot create one here." *Id.* at 2.

## Discussion

Under 28 U.S.C. § 1292(b), a district court may certify a non-final order for immediate appeal if it finds that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b); *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). "Inherent in these requirements is the concept of ripeness." *S.B.L. v. Evans*, 80 F.3d 307, 310 (8th Cir. 1996) (quoting *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir.1979)) (internal quotation marks omitted). That is, "even if all three requirements are satisfied, the factual basis of a claim must be developed so that 'we can make a precise decision upon a precise record—not an abstract answer to an abstract question.'" *Id.* (quoting *Paschall*, 605 F.2d at 407).  The Eighth Circuit has cautioned that motions for certification should be granted sparingly, and that the movant "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White*, 43 F.3d at 376.

The Court's Order did not, as Defendants assert, find that the "four-step process outlined by the MDOC policy is futile, such that an inmate has exhausted her claim after the first step," or that Plaintiff failed to exhaust but such failure should be excused.  Doc. [63] at 6-7.  Instead, the Court set forth relevant precedent concerning its duty to presume the veracity of Plaintiff's

allegations and construe them in his favor, relevant precedent concerning exhaustion of administrative remedies, and the parties' assertions concerning the standard grievance procedures and the reprisal grievance procedures. The Court concluded that Plaintiff adequately alleged that he grieved his claims in accordance with his institution's applicable procedural rules. The Court noted the *Santiago* decision and Plaintiff's assertions, rejected as illogical Defendants' argument that an inmate whose reprisal claim was denied on the merits must then resubmit the same reprisal claim in an IRR, and observed that it appeared Plaintiff was instead told he may use the standard grievance procedures to submit his claims as something other than reprisal.

In addition to identifying the reprisal grievance process as a four-step process, Defendants now contend that "[r]esubmitting the complaint as an IRR similarly is not the start of a second, separate grievance process, but the second step in exhausting the original complaint." Doc. [63] at 4. In their motion to dismiss, however, Defendants identified reprisal grievance procedures and separate standard grievance procedures and asserted that inmates whose reprisal grievances were denied were required to resubmit their claim in an IRR and/or through the standard grievance procedures. For example, Defendants wrote: "If the division director determines that the complaint is not a reprisal, they are to return it to the institution's grievance officer, who will then instruct the inmate to grieve their claim through the standard process by submitting an IRR." Doc. [44] at 3-4. Additionally, the prison officials' responses to Plaintiff's reprisal grievances referred to the normal grievance procedures as a second, separate grievance process. *See id.*, exhs. K and V. Defendants' new assertions may amount to distinctions without a difference. In any event, they fail to demonstrate that certification is warranted.

Defendants also assert that certification is warranted because the Order conflicts with *Hammett*, which supports their argument that exhaustion of reprisal claims requires completion of

four steps.  This argument is not well taken.  As the Court noted in the Order, *Hammett* "did not address a situation in which an inmate asserting a retaliation claim had filed the claim in prison," and the inmate admitted he failed to exhaust his retaliation and harassment claims.  Doc. [62] at 6. The case at bar involves no such obvious failure to exhaust.

In *Hammett*, the Eighth Circuit considered whether the inmate had satisfied the exhaustion requirement as to several medical claims for which he had filed IRRs in prison.  *Hammett*, 681 F.3d 945.  In the context of discussing those medical claims, the Eighth Circuit observed that the MDOC's standard grievance procedures consisted of three steps, and required inmates to file an IRR, grievance, and grievance appeal, with the process being fully exhausted after the inmate received a grievance appeal response.  *Id.* at 947. As noted above, Defendants' motion to dismiss cited the *Hammett* Court's recitation of the standard grievance procedures.

The *Hammett* Court determined that some of the inmate's medical claims were properly dismissed as unexhausted but reversed the dismissal of other medical claims after finding they were in fact properly exhausted.  *Id.* at 948-49.  The Eighth Circuit also considered whether the inmate had satisfied the exhaustion requirement as to his retaliation and harassment claims.  In determining that he had not, the Court wrote:

> Turning to Hammett's remaining § 1983 claims, his Complaint admitted that the retaliation and harassment claims were not exhausted. Hammett appears to argue on appeal that an administrative remedy was not "available" for these claims within the meaning of § 1997e(a) because the alleged retaliation was in response to his repeated medical grievances and directed by the correctional officials in charge of the grievance process. In cases where a sufficient showing has been made, "we have held that inmates cannot be held to the exhaustion requirement of the PLRA when prison officials have prevented them from exhausting their administrative remedies." *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002) (en banc). But there was no such showing in this case. The MDOC Manual expressly prohibited reprisal against an inmate for using the grievance procedure and set forth detailed special grievance procedures for an inmate who "believes that a reprisal has occurred." Hammett did not exhaust these procedures. Therefore, his retaliation and harassment claims were properly dismissed without prejudice.

8

*Id.* at 948.

In their Reply in Support of Their Motion to Certify for Interlocutory Appeal, Defendants state that the MDOC's policy contains clear language requiring inmates to resubmit denied reprisal grievances in IRRs, and argue: "This language is consistent through prior versions of the policy and formed the basis of the decisions in *Hammett* and *Human*." Doc. [65] at 2. However, *Hammett* provides no basis to conclude that an inmate fails to exhaust a retaliation claim if he fails to resubmit a denied reprisal grievance in an IRR. The *Hammett* Court did not describe or quantify the steps of the special grievance procedures for inmates who believed a reprisal had occurred or conclude that the inmate in that case failed to exhaust his retaliation and harassment claims because he failed to resubmit them in IRRs.

Defendants also seize upon *Hammett's* recognition that the MDOC set forth special grievance procedures for inmates who believe a reprisal has occurred and argue that this Court's Order is inconsistent. There is no support for that argument. In *Hammett*, the Eighth Circuit noted that the MDOC set forth special grievance procedures for inmates who believed a reprisal had occurred. Consistent with *Hammett*, this Court's Order noted that the MDOC set forth special grievance procedures for inmates who believed reprisal had occurred. In sum, Defendants have offered no basis to conclude that the Court's Order is contrary to established precedent.

Defendants also contend that the MDOC "policy's plain language is clear that returning an unresolved retaliation complaint is not the final step in the exhaustion process. Grievance officers are to give an offender copies of their form and response and then '*instruct* him to resubmit the complaint on the IRR form.'" Doc. [65] at 1. (emphasis in original). Focusing on the word "instruct," Defendants conclude that directing or commanding someone to do something in an official order means it is a required next step. However, as noted above, Defendants' motion to

dismiss characterized the policy as providing, in relevant part:

> If the division director determines that the complaint is not a reprisal, they are to return it to the institution's grievance officer, who will then instruct the inmate to grieve their claim through the standard process by submitting an IRR.

Doc. [44] at 3-4.  Additionally, the responses Plaintiff received did not instruct him to resubmit his denied retaliation claims on IRR forms.  *See* Doc. [44], exhs. K and V.  Instead, prison officials told Plaintiff that his claims were denied because there was no evidence of reprisal, and they were being returned to the institution's grievance officer so that Plaintiff "may" follow the normal grievance process.  *Id.*  Presuming the veracity of the alleged facts and drawing all reasonable inferences in Plaintiff's favor, it appeared Plaintiff was told he could submit his claims as something other than reprisal, not that he was directed or commanded in an official order to complete a required next step.

The Court finds that Defendants' request for certification for interlocutory appeal should be denied.  The Court's Order was based upon well-established precedent that exhaustion is a mandatory prerequisite to bringing claims in federal court, and inmates are required to exhaust their claims in accordance with the institution's applicable procedural rules.  The Court's Order was also based upon well-established precedent requiring this Court to presume the veracity of Plaintiff's allegations and construe them in his favor.  The Court noted the parties' descriptions of the MDOC's procedural rules, determined that Plaintiff had sufficiently pleaded that he grieved his claims in accordance with the procedure applicable to his claims before bringing them in this action, and Defendants failed to meet their burden of establishing entitlement to dismissal pursuant to Rule 12(b)(6) on the basis of failure to exhaust administrative remedies.  Because Defendants have failed to meet their "heavy burden of demonstrating the case is an exceptional one in which immediate appeal is warranted," *White*, 43 F.3d at 376, the Court denies the motion to the extent

Defendants seek certification for interlocutory appeal.  To the extent Defendants seek additional time to answer the amended complaint, the Court grants the motion and gives Defendants twenty-one days from the date of this Order to answer the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Certify the Court's January 27, 2023 Order for Interlocutory Appeal, Doc. [63], is **DENIED** to the extent Defendants seek certification for interlocutory appeal, and **GRANTED** to the extent Defendants seek additional time to answer the amended complaint.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Order, Defendants shall answer the amended complaint.

Dated this 13th day of April, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE