# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| RONALD JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21-cv-01456-MTS |
| ) | |
| JAMES H. COFFMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On April 19, 2024, the remaining Defendants in this action filed a Motion for Summary Judgment. Doc. [128]; *see also* Fed. R. Civ. P. 56(b). Though the Local Rules of this Court provide that a response to such a motion must be filed within twenty-one days, *see* Eastern District of Missouri Local Rule 4.01(F), Plaintiff requested an extension of time to file his response to the Motion. Doc. [136]; *see also* Fed. R. Civ. P. 6(b)(1)(A). His request, though, sought an additional *six weeks* to file a response, an altogether unreasonable length of time for which he provided no good cause. *See* Doc. [136]. Though it can hardly be said that he showed good cause, *see* Federal Rule of Civil Procedure 6(b)(1), the Court nevertheless granted him a shorter extension, requiring him to file his response no later than May 29, 2024. *See id.* at 6(b)(1)(A) (providing the Court with the authority to extend time "with or without motion or notice").

Now, he has moved for more time yet again, asking that the Court reconsider the denial of his six-week extension. This time, he says he is "entitled" to have "outstanding discovery requests met" before he responds to Defendants' Motion for Summary Judgment. Doc. [139] ¶ 2. Not so. Plaintiff in no way complied with Federal Rule of Civil Procedure

56(d).  He did not file an affidavit or declaration.  Nor did he give *specific* reasons why he could not present *essential* facts to justify his opposition.  *See* Fed. R. Civ. P. 56(d); *see also, e.g.*, *Shahin v. De Solid Waste Auth.*, 503 F. App'x 113, 116 (3d Cir. 2012) (per curiam); *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10 (1st Cir. 2007).  Plaintiff's "status as a self-represented litigant or as an incarcerated individual does not relieve him from the requirement to follow the Federal Rules of Civil Procedure or this Court's Local Rules." *Jeude v. City of St. Louis*, 4:22-cv-00989-MTS, 2023 WL 5507329, at *1 (E.D. Mo. Aug. 25, 2023).  The Court will deny his Motion to Reconsider.

That said, the Court will provide Plaintiff a short extension to allow him time to receive this Memorandum and Order.  Plaintiff must file his opposition to Defendants' Motion for Summary Judgment no later than **Friday, May 31, 2024**.  If Plaintiff fails to timely oppose the Motion for Summary Judgment, the Court will take appropriate action. *See* Fed. R. Civ. P. 56(e)(2), (3) (governing when parties fail to properly address another party's assertion of fact); *see also id.* at 41(b) (allowing involuntary dismissal when a "plaintiff fails to prosecute" or fails to comply with a court order); *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders.").

Finally, Plaintiff has filed a document he entitled "Unresolved Discovery Compliance."  Doc. [139].  It is difficult to say whether this filing is a motion given that Plaintiff does not "state the relief" he seeks nor "state with particularity the grounds for seeking" it.  *See* Fed. R. Civ. P. 7(b)(1); Doc. [139] at 2 (requesting the Court to "issue the appropriate order for the same to be satisfied").  What is more, if this filing is a motion, Plaintiff failed to file the required memorandum in support of the motion.  *See* E.D. Mo. L.R.

4.01(A) ("[T]he moving party must file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies."). This failing becomes more than a mere technical violation when, as here, the motion fails to coherently explain itself.

In any event, as best the Court can tell, Plaintiff's filing pertains to discovery materials. But it is too late to raise discovery issues at this juncture. The Amended Case Management Order in this case provided that all parties "must file motions to compel in a prompt manner and in no event after the discovery deadline." *See* Doc. [86] ¶ 4. To the extent Plaintiff's filing seeks relief or an Order from the Court respecting discovery, the Court will deny it in all respects.

For these reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, Doc. [139], is **DENIED**. Plaintiff must file his opposition to Defendants' Motion for Summary Judgment no later than **Friday, May 31, 2024**.

**IT IS FURTHER ORDERED** that Plaintiff's "Unresolved Discovery Compliance," Doc. [138], is **DENIED** in all respects. *See* Doc. [86] ¶ 4.

Dated this 23rd day of May 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE