UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD JORDAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROBERT SAVAGE, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 4:21-cv-01456-MTS |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration. Doc. [158]. Plaintiff moves the Court to reconsider its Memorandum and Order that directed the Clerk to request the agency having custody of Plaintiff to begin making payments in accordance with 28 U.S.C. § 1915(b)(2) for the $505 appellate filing and docketing fees levied by the United States Court of Appeals for the Eighth Circuit. Plaintiff's Motion notes that he has not appealed any Order that the undersigned "has handed down in this" action. Doc. [158]. While he is correct, the Court had not yet started collecting the filing and docketing fees from Plaintiff's second* appeal in this matter from August 2022. *See* Doc. [34] (second notice of appeal); Doc. [34-1] (letter from the Court of Appeals forwarding Plaintiff's "Notice of Appeal" to this Court for filing).

---

* Plaintiff filed his first Notice of Appeal in this matter in May 2022. Doc. [12]. The Court of Appeals assessed the $505 filing and docketing fee and remanded the collection to this Court that same month. Doc. [21]. On July 29 of that year, this Court directed the Clerk of this Court to request that the agency having custody of Plaintiff begin making payments. Doc. [31]. Plaintiff has paid this first filing fee in full.

When the Court of Appeals dismissed Plaintiff's second appeal for lack of jurisdiction, it directed this Court to collect the docketing and filing fees for the appeal. *See* Doc. [42] ("The full $505 appellate and docketing fees are assessed against the appellant. The court remands the collection of those fees to the district court."); *see also* Doc. [47] (mandate). This Court is bound by that Judgment and Mandate. *Bader Farms, Inc. v. Monsanto Co.*, 100 F.4th 944, 947 (8th Cir. 2024) ("On remand, a district court is bound to obey strictly an appellate mandate." (quoting *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456 (8th Cir. 1990))). This fundamental rule is well settled. *See, e.g.*, *Poletti v. Comm'r of Internal Revenue*, 351 F.2d 345, 347 (8th Cir. 1965) (explaining that "an inferior court has no authority to deviate from the mandate issued by an appellate court"); *Nelson v. Meehan*, 155 F. 1, 4 (9th Cir. 1907) ("The rule is that a lower court is bound by the decree of the appellate court, and its duty is to put the decree into effect according to the mandate, and there is no authority to give further relief.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, Doc. [158], is **DENIED**. The Clerk of Court is directed to send to Plaintiff a copy of Documents [34], [34-1], [42], and [47].

Dated this 19th day of September 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE