UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD JORDAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:21-cv-01456-MTS |
| ROBERT SAVAGE, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion under Rule 60(b) in which Plaintiff prays "that the Court relieve [him] of the adverse October 24, 2024[,] Judgment granting summary judgment for the [D]efendants." Doc. [170]. The Court has carefully reviewed Plaintiff's entire Motion, the parties' relevant summary judgment filings, and the Court's Memorandum and Order entered together with the Judgment. The Court concludes that Plaintiff has not provided a reason that justifies relief under Rule 60(b), and it therefore will deny Plaintiff's extraordinary request. *See Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001) (Rule 60(b) is not vehicle for re-argument of merits, and movant must show exceptional circumstances to justify relief); *In re Design Classics, Inc.*, 788 F.2d 1384, 1386 (8th Cir. 1986) ("Relief under Rule 60(b) is an extraordinary remedy.").

The Court finds it unnecessary to opine on each point Plaintiff's Motion makes but notes the following. *First*, the Court has doublechecked Plaintiff's "Declaration," Exhibit A to his Response to Statement of Material Facts. Doc. [147-1]. Plaintiff indeed failed to sign it. *Id.* at 7. The Court appropriately disregarded the declaration. *See Webb v.*

*Lakey*, 111 F.4th 939, 942 (8th Cir. 2024) (finding district court properly granted summary judgment where plaintiff opposing summary judgment "failed to present competent evidence to support a finding of retaliation" because he "submitted a declaration, but it was not signed under penalty of perjury, and it [wa]s therefore inadmissible"). Even if Plaintiff's failure to make his assertions under penalty of perjury was inadvertent, Plaintiff has not satisfactorily explained in the instant Motion why the Court should relieve him of the judgment to allow him to file a signed declaration. The Court's Memorandum and Order identified fatal issues with Plaintiff's claims even accepting the statements in his declaration as true. *See, e.g.*, Doc. [165] at 14 (2024 WL 4564218, at *7) (concluding that "even if" Defendant Savage's question was "construed as a threat," plaintiff failed to establish it "would be sufficiently chilling to be actionable under the First Amendment"); *id.* at 13 (2024 WL 4564218, at *7) ("[E]ven if Plaintiff's declaration were properly signed under penalty of perjury, Defendant Blair still would be entitled to summary judgment.").

*Second*, Plaintiff faults the Court for failing to take judicial notice of allegations within his Verified Amended Complaint. Doc. [170] at 8. He maintains that the Court was "required" to do so. *Id.* Plaintiff is incorrect. "While a verified complaint is equivalent to an affidavit for summary judgment purposes," *Davis v. Jefferson Hospital Ass'n*, 685 F.3d 675, 682 (8th Cir. 2012), Federal Rule of Civil Procedure 56(c)(3) specifically states that the Court "need consider only the cited materials." For that reason, it is well settled that, on a motion for summary judgment, a district court is "not obliged to scour the record looking for factual disputes." *Libel v. Adventure Lands of*

*Am., Inc.*, 482 F.3d 1028, 1033 (8th Cir. 2007); *accord Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."); *cf. Niemi v. Lasshofer*, 728 F.3d 1252, 1259 (10th Cir. 2013) (Gorsuch, J., for the Court) (noting that under "our adversarial system," courts "don't usually go looking for trouble but rely instead on the parties"). Plaintiff chose to cite to the Verified Amended Complaint only in select places. *Compare, e.g.*, Doc. [147] ¶¶ 33, 35 (citing only the unsigned declaration), *with id.* ¶ 41 (citing the unsigned declaration and the verified complaint). The Court considered the Verified Complaint every time Plaintiff properly[*] cited to it.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion under Rule 60(b), Doc. [170], is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send to Plaintiff a copy of Document [147-1] along with this Memorandum and Order.

Dated this 14th day of January 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[*] As equivalent to an affidavit on summary judgment, a verified complaint can only be used to the extent that it is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *Curtis v. Cenlar FSB*, 654 F. App'x 17, 20 (2d Cir. 2016); *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995); *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) (per curiam).